[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  11-15049
Non-Argument Calendar
_____

D. C. Docket No.  9:11-cr-80022-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR RENE PEREZ-MAZARIEGOS,
a.k.a Hector R. Perez-Mazariegos,
a.k.a Hector Perez Perez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 31, 2012)

Before TJOFLAT, FAY and ANDERSON, Circuit Judges.


PER CURIAM:

On January 15, 2011, the West Palm Beach, Florida, police arrested appellant, a Guatemalan national, for possession of cocaine and resisting arrest without violence.  A review of appellant's immigration file at the Bureau of Immigration and Customs Enforcement revealed that appellant had been removed from the United States on three prior occasions (October 24, 2007, April 18, 2008, and January 29, 2009), and that he had not received permission to re-enter, so, on February 2, 2011, he was charged by information[1] with a violation of 8 U.S.C. 1326(a), illegal re-entry after deportation.

Appellant moved the District Court to dismiss the information under 8 U.S.C. § 1326(d) on the ground that his initial removal—pursuant to an August 16, 2002 order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") removal order—was invalid because his attorney had rendered ineffective assistance of counsel.  According to Appellant, the main issue in his initial removal proceeding was whether he had entered the United States before October 1990 and thus was entitled to relief under the Nicaraguan Adjustment and Central American Relief Act, which allowed certain aliens to

---

[1]  He waived indictment.

2

apply for cancellation of removal.[2]  Due to counsel's inadequate investigation, however, counsel failed to provide the IJ with the proof necessary to establish that he was in the United States before October 1990.

Section 1326(d) provides that an individual charged with re-entry after deportation may not collaterally challenge the validity of a previously issued deportation or removal order unless the individual demonstrates that:

> (1) he or she has exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d) (emphasis added).  The first is an administrative exhaustion requirement.  The second two requirements codify the Supreme Court's holding in *United States v. Mendoza-Lopez*, 481 U.S. 828, 107 S. Ct. 2148 (1987).  To show that the entry of the removal order was fundamentally unfair, the defendant must, at a minimum, demonstrate that the outcome of the removal proceeding would have been different but for a particular error.  *See United States v. Zelaya*,

---

[2]  To qualify for such cancellation, a Guatemalan national had to have (1) first entered the United States on or before October 1, 1990, and registered for benefits on or before December 31, 1991, or (2) filed an application for asylum on or before April 1, 1990.  See Oliva v. U.S. Dept. of Justice, 433 F.3d 229, 231 n.4 (2d Cir. 2005).  Appellant had not met such filing date, so the question before the IJ was whether he had entered the United States on or before October 1, 1990.

293 F.3d 1294, 1298 (11th Cir. 2002); *United States v. Holland*, 876 F.2d 1533, 1536 (11th Cir. 1989).  The error alleged here is counsel's ineffective assistance.

In orders entered on June 1 and June 20, 2011, the District Court denied appellant's motion and his motion for reconsideration.  Thereafter, pursuant to a plea agreement, in which he preserved his right to appeal the orders, appellant pled guilty to the information and was sentenced to time served.[3]

In this appeal, appellant contends that the District Court erred in denying his motions because he satisfied all three of the § 1326(d) requisites.  We disagree.  As the District Court properly found, appellant failed to (1) exhaust his administrative remedies by raising his ineffective assistance of counsel claim before the BIA, either in his original appeal or in a motion to reopen; (2) establish that he was deprived of the opportunity of judicial review; and (3) establish that his removal proceeding was fundamentally unfair.

AFFIRMED.

---

[3]  Appellant had been in custody beyond the Guidelines sentence range of zero to six months' confinement.  He since has been removed from the United States.

4